DAVID C. SHONKA
Acting General Counsel
THOMAS J. WIDOR (DC 490184)
DANIEL DWYER (CA 286701)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW,
Mail Drop CC-10232
Washington, DC 20580
Telephone: (202) 326-3039
Facsimile: (202) 326-3768
Email: twidor@ftc.gov,
ddwyer@ftc.gov

THOMAS J. SYTA (CA 116286)
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, California 90024
Telephone: (310) 824-4324
Facsimile: (310) 824-4380
Email: tsyta@ftc.gov

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

AARON H. JACOBY (CA 137244)
MARY CARTER ANDRUES (CA 138486)
VICTOR P. DANHI (CA 210246)
JEFFREY R. MAKIN (CA 252426)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: aaron.jacoby@arentfox.com,
mary.andrues@arentfox.com,
victor.danhi@arentfox.com,
jeffrey.makin@arentfox.com

*Attorneys for Corporate Defendants*

STEVEN M. GOLDBERG (CA 082174)
KISHAN H. BAROT (CA 281829)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: sgoldberg@manatt.com,
kbarot@manatt.com

*Attorneys for Individual Defendant*
*LEONARD SCHRAGE*

DAVID T. BARTELS (CA 209449)
CALLAHAN & BLAINE, APLC
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445
Email: dbartels@callahan-law.com

*Attorney for Individual Defendants JOSEPH SCHRAGE AND MICHAEL SCHRAGE*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>UNIVERSAL CITY NISSAN, INC., et al.<br>Defendants. | Case no 2:16-cv-07329-CAS(AJWx)<br>*Honorable Christina A. Snyder*<br><br>**Joint Rule 26(f) Report**<br><br>Scheduling Conference<br>Date: N/a<br>Time: N/a<br>Courtroom: 8D, 350 W. 1st Street |

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1, Plaintiff Federal Trade Commission ("FTC"), Corporate Defendants Covina MJL, LLC, also d/b/a Sage Covina Chevrolet; Glendale Nissan/Infiniti, Inc., also d/b/a Glendale Infiniti and d/b/a Glendale Nissan; Sage Downtown, Inc., also d/b/a Kia of Downtown Los Angeles; Sage Holding Company, Inc.; Sage Management Co., Inc.; Sage North Hollywood, LLC, also d/b/a Sage Pre-Owned; Sage Vermont, LLC, also d/b/a Sage Hyundai; Universal City Nissan, Inc., also d/b/a Universal Nissan; Valencia Holding Co., LLC, also d/b/a Mercedes-Benz Of Valencia; West Covina Auto Group, LLC, also d/b/a West Covina Toyota and d/b/a West Covina Toyota/Scion; West Covina Nissan, Inc. (collectively "Corporate Defendants"); and Individual Defendants Joseph Schrage, a/k/a Joseph Sage; Leonard Schrage, a/k/a Leonard Sage, and Michael Schrage, a/k/a Michael Sage (collectively, "Individual Defendants") respectfully submit this Joint Rule 26(f) Report.

The parties conducted the Rule 26(f) conference telephonically on December 23, 2016. Thomas J. Widor and Daniel Dwyer participated on behalf of the FTC; Mary Carter Andrues, Victor Danhi, and Jeffrey R. Makin participated on behalf of the Corporate Defendants; Kishan Barot participated on behalf of Individual

Defendant Leonard Schrage; and David T. Bartels participated on behalf of Individual Defendants Joseph Schrage and Michael Schrage.

**A. Statement of the Case**

FTC's Position: Defendants have engaged in deceptive advertising, deceptive online reviews, and deceptive and unfair sales and financing practices, including unlawful "add-on" and "yo-yo" financing tactics, in violation of the FTC Act, the Truth in Lending Act ("TILA"), and the Consumer Leasing Act ("CLA").

Specifically, Defendants have repeatedly engaged in at least four kinds of facially deceptive advertising involving:

i. misrepresentions of key terms such as low down payments and low monthly payments,
ii. offers for the purchase of a car that are, in fact, lease offers,
iii. offers that are not generally available to consumers, and
iv. offers to pay off the amount owed on a consumer's trade-in vehicle when in fact the consumer must pay this amount.

Defendants' advertisements not only have violated the FTC Act but also other federal laws that require clear and conspicuous disclosure of certain terms, including TILA and its implementing Regulation Z and the CLA and its implementing Regulation M.

Defendants also have posted or promoted deceptive reviews appearing on third-party websites, like Facebook, Google+, and Yelp, that purport to be independent and objective but that are written by Defendants' employees, managers, and agents. Defendants have misrepresented these fake endorsements to be independent and objective, and the reviews have failed to disclose their material connection with Defendants in violation of the FTC Act.

These deceptive advertisements and online reviews are only the beginning for consumers. After enticing consumers to visit the dealerships, Defendants have subjected consumers to additional deceptive and unfair sales and financing

practices in violation of the FTC Act. In numerous instances, Defendants have packed additional charges for products and services, known as add-ons ("add-on products") into the amount financed without consumers' informed consent or after deceptively claiming that such add-on products are required as a condition of the purchase or financing of the vehicle or will improve consumers' chances of obtaining financing. Defendants also have used deceptive and unfair tactics, known as "yo-yo practices," to pressure consumers to agree to different financing terms or have otherwise refused to honor the contract after consumers have signed a contract and driven off with the vehicles.

Defendants have filed motions to dismiss that essentially hope to resurrect technical pleading requirements that Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure were intended to abolish. The FTC's complaint satisfies the applicable pleading requirements. And, although a further showing is not necessary at this stage in the litigation, the FTC's allegations are far more than plausible and borne out in the preliminary injunction briefing.

Corporate Defendants' Position: After a nearly three-year-long investigation of nine Los Angeles-area auto dealerships, the FTC failed to allege its claims with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The FTC not only failed to allege the required who, what, when, where, and how of the alleged misconduct, but also failed to differentiate between or make particular, specific allegations as to each of the fourteen separate Defendants in any of the nine causes of action alleged in the Complaint.

Additionally, the FTC failed to comply with the pleading standards required by Rules 8 and 12 of the Federal Rules of Civil Procedure. The FTC merely recites the elements of its claims without anything more. Accordingly, the Corporate Defendants filed a motion to dismiss the FTC's claims. *See* Doc. 33, Mot. to Dismiss.

Regarding the alleged advertising, the FTC attributes a handful of advertisements to Defendants "Universal City Nissan," "Kia of Downtown," "Mercedes Benz of Valencia," "West Covina Nissan," "West Covina Toyota," "Glendale Nissan," and "Covina Chevrolet." Doc. 1, Compl. ¶¶ 31, 36, 38, 40, 42, 44, 45. But the FTC failed to meet the heightened pleading standards of Rule 9(b). It failed to allege: (1) the specific dates during which the advertisements were in circulation, (2) in which specific newspapers the advertisements ran, (3) on which specific radio or TV station the advertisements ran, or (4) in some instances, the media via which the advertisements were allegedly disseminated. *Id.* ¶¶ 31-55. Additionally, the FTC failed to attribute any specific advertisements to seven of the fourteen Defendants, and there are no specific allegations whatsoever regarding advertising by those Defendants. *See generally id.* The FTC thus failed to differentiate between the alleged conduct of each of the fourteen separate Defendants.

Regarding ad-on practices, the FTC mentions complaints by unidentified consumers about Defendants "Covina Chevrolet," "Universal City Nissan," "Kia of Downtown," "West Covina Nissan," and "Glendale Nissan." *Id.* ¶¶ 56-64. But the FTC does not allege the who, what, when, where, and how of the alleged fraudulent conduct. *Id.* ¶¶ 59-64. The FTC also does not specifically identify the allegedly fraudulent transactions. Instead, the FTC generally alleges that Defendants obtained unidentified consumer signatures for add-on products under false pretenses—without any particular details of the alleged scheme. *Id.* ¶ 60. Additionally, the FTC does not attribute any specifically alleged conduct related to ad-on products to nine of the fourteen Defendants. *See generally id.* As it did with its allegations related to advertising, the FTC failed to differentiate between the Defendants, and the FTC failed to allege the required who, what, when, where, and how of the allegedly fraudulent scheme.

Regarding assigning financing, the FTC also failed to allege the required who, what, when, where, and how of the alleged conduct. The FTC attributes alleged misrepresentations with regard to financing to Defendants "West Covina Nissan," "Glendale Nissan," and "Universal City Nissan." *Id.* ¶ 68. But the FTC failed to allege who specifically made the alleged misrepresentations, when the alleged misrepresentations were allegedly made, where they allegedly were made, or how. *Id.* ¶¶ 67-72. Additionally, the FTC failed to attribute any of the alleged conduct related to financing to eleven of the fourteen Defendants. Once again, the FTC failed to differentiate between the Defendants and failed to allege the required who, what, when, where, and how of the alleged conduct.

Regarding consumer reviews, the FTC failed to allege the required who, what, when, where, and how of the alleged conduct. The FTC attributes a few online reviews to Defendants "Kia of Downtown," "Sage Hyundai," and "West Covina Nissan." *Id.* ¶¶ 76-77. But the FTC failed to allege when the allegedly deceptive consumer reviews were posted online. *Id.* ¶¶ 73-78. It also failed to allege how the reviews were deceptive and whether anyone was deceived by any of the reviews. *See id.* Moreover, the FTC failed to attribute any alleged conduct regarding consumer reviews to eleven of the fourteen Defendants. The FTC failed to differentiate between the Defendants, and the FTC failed to allege the required who, what, when, where, and how of the alleged conduct.

The FTC not only failed to allege the requisite who, what, when, where, and how of the alleged offending conduct required by Rule 9(b), but it also failed to allege any specific fraudulent conduct against six of the named Defendants: Sage Holding Company, Inc., Sage Management Co., Inc., Sage North Hollywood, LLC, Joseph Schrage, Leonard Schrage, and Michael Schrage. These six Defendants are lumped into the caption and identified among the fourteen Defendants, but the Complaint does not contain a single allegation amounting to misrepresentation or omission whatsoever against these Defendants. This silence

is deafening, particularly in light of the fact that the FTC has been investigating Defendants' alleged conduct for almost three years.

In addition to the FTC's failure to meet the heightened pleading standard of Rule 9(b) and consequent failure to state any cause of action, the FTC also failed to meet the pleading requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure. For several of the essential elements of its claims, the FTC merely recites the elements and alleges threadbare conclusions. For example, regarding the alleged harm to consumers for Counts I through VII under the FTC Act, the FTC does not allege the type of purported injury, how the injury is calculated or measured, or why any purported injury is not reasonably avoidable by consumers themselves. Instead, the FTC does nothing more than parrot the language of the FTC Act. *Id.* ¶¶ 98, 111.

Additionally, the FTC's allegations for violation of the TILA and the CLA—i.e., Counts VIII and IX—are nothing more than threadbare allegations that recite the elements of the causes of action without the required factual allegations. *See id.* ¶¶ 103-110. In particular, the FTC failed to differentiate between the Defendants and does not make any factual allegations against numerous Defendants. *See generally id.* The FTC makes only a bare, conclusory allegation of consumer injury. There are no facts about the alleged type, extent, or measurement of any purported consumer injury. *Id.* ¶ 111.

Finally, with regard to the FTC's inadequate, general allegations, the Corporate Defendants deny all of the FTC's allegations. The Corporate Defendants have not violated the FTC Act, TILA, or the CLA.

Michael and Joseph's Position: Defendants Joseph and Michael Schrage agree with the Corporate Defendants' position that the FTC's Complaint fails to state a claim under Rules 8, 9(b) and 12 of the Federal Rules of Civil Procedure. In addition to the deficiencies set forth above, the FTC fails to make any specific allegation of fact that either Joseph Schrage or Michael Schrage directly

participated or had knowledge of the alleged scheme. The sum total of the FTC's allegations against individual defendants Joseph and Michael Schrage are conclusory statements that they "formulated, directed, controlled, had the authority to control, or participated in the acts and practices" alleged in the Complaint. [Doc. 1, at ¶¶ 17, 19-20]. Such thread-bare conclusion are insufficient under Rules 8 and 12.

Moreover, the Complaint fails to include any allegation concerning the specific role Joseph Schrage or Michael Schrage played in any of the eleven Corporate Defendants, or any specific allegation that Joseph Schrage or Michael Schrage directly participated in, or had knowledge of any alleged deceptive practice. Not only did the FTC fail to allege sufficient facts showing the Corporate Defendants engaged in any deceptive conduct, but it failed to plead any facts showing Joseph Schrage or Michael Schrage had any connection to such conduct.

In any event, Joseph Schrage or Michael Schrage deny all of the FTC's allegations. Not only did the Corporate Defendants not violate the FTC Act, TILA, or the CLA, but the FTC cannot show that Joseph Schrage or Michael Schrage were directly involved in any alleged conduct.

Leonard's Position: Without belaboring the above points, Leonard agrees with Defendants that the Complaint lacks specificity and fails to state a claim for the reasons stated above, but notes that the deficiencies are all the more apparent with respect to him, who is implicated only in a single, boilerplate allegation. In any event, Leonard denies all of the FTC's allegations, and notes that he is a minority shareholder of the Sage Auto Group. His brothers, defendants Michael and Joseph Schrage, are the majority owners, and have locked Leonard out of the business in every respect. So dire was this state of affairs that, in April 2015, Leonard sued his brothers for breach of contract and corporate dissolution in Leonard Schrage v. Michael Schrage, Los Angeles Superior Court, Case No. BC579623 – a case that is still pending today. The FTC has followed this litigation

with great interest, and has even attached some filings as evidence in this case – yet, the FTC persists in their unwarranted action against Leonard without even differentiating his involvement from his brothers'. The FTC will not be able to prove any involvement by Leonard in any alleged conduct.

**B. Subject Matter Jurisdiction**

FTC's Position: Because this case arises under the laws of the United States and is brought by a federal agency, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345; 15 U.S.C. §§ 45(a), 53(b), and 1607(c).

Corporate Defendants' Position: Pursuant to the Stipulated Preliminary Injunction Order that the Court signed on October 25, 2016, the Court already found that it "has jurisdiction over the subject matter of this case and all parties hereto, and venue in this district is proper." Doc. 19, Stip. Prelim. Inj. Order at 2:14-15.

Individual Defendants' Position: All Individual Defendants agree with the Corporate Defendants' position.

**C. Legal Issues**

FTC's Position: The key legal issues include:

1. whether Defendants' acts or practices alleged in Counts I-VII violated Section 5 of the FTC Act, 15 U.S.C. § 45(a);
2. whether Defendants' acts or practices alleged in Count VIII violated Section 144 of TILA, 15 U.S.C. § 1664, and its implementing Regulation Z, 12 C.F.R. § 226;
3. whether Defendants' acts or practices alleged in Count IX violated Section 184 of the CLA, 15 U.S.C. § 1667c, and its implementing Regulation M, 12 C.F.R. § 213;
4. whether injunctive relief should issue, including equitable monetary in the form of rescission, reformation of contract, restitution, refund of

monies paid, or disgorgement of ill-gotten gains, and the amount of any such relief.

Corporate Defendants' Position: On December 5, 2016, the Corporate Defendants filed a motion to dismiss (Doc. 33) the FTC's Complaint with prejudice. The key legal issues include:

1. Whether the FTC pleaded its claims with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

2. Whether the FTC pleaded any claims in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure.

3. Whether the FTC's claims should be dismissed with prejudice given the long history of the FTC's action against the Corporate Defendants, including a nearly-three-year-long investigation.

Michael and Joseph' Position: On January 4, 2016, Defendants Joseph Schrage and Michael Schrage joined in the Corporate Defendants' motion to dismiss (Doc. 37) and further agree with the Corporate Defendants' statement concerning the key legal issues.

Leonard's Position: Leonard agrees with the Corporate Defendants' summary of applicable legal issues, and has joined in their Motion to Dismiss (Dkt No. 36).

Leonard contends that his defense requires consideration of an additional legal issue: Whether Leonard "participated directly in, or had the authority to control, the unlawful acts or practices at issue." *F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016).

**D. Parties and Evidence**

*1. Parties*

FTC's Position: The parties to this action include (i) Plaintiff, the Federal Trade Commission ("FTC"), and (ii) Defendants, Covina MJL, LLC, also d/b/a Sage Covina Chevrolet; Glendale Nissan/Infiniti, Inc., also d/b/a Glendale Infiniti

and d/b/a Glendale Nissan; Sage Downtown, Inc., also d/b/a Kia Of Downtown Los Angeles; Sage Holding Company, Inc.; Sage Management Co., Inc.; Sage North Hollywood, LLC, also d/b/a Sage Pre-Owned; Sage Vermont, LLC, also d/b/a Sage Hyundai; Universal City Nissan, Inc., also d/b/a Universal Nissan; Valencia Holding Co., LLC, also d/b/a Mercedes-Benz Of Valencia; West Covina Auto Group, LLC, also d/b/a West Covina Toyota and d/b/a West Covina Toyota/Scion; West Covina Nissan, Inc.; Joseph Schrage, a/k/a Joseph Sage; Leonard Schrage, a/k/a Leonard Sage, and Michael Schrage, a/k/a Michael Sage.

Corporate Defendants' Position: The parties to this action are those identified in the FTC's Complaint (Doc. 1), and it appears that the FTC has accurately identified the parties above.

Individual Defendants' Position: Individual Defendants agree with the Corporate Defendants' position.

*2. Percipient Witnesses*

FTC's Position: At this time, the FTC expects percipient witnesses to include (i) consumers, (ii) current and former employees and agents of Defendants; (iii) individual defendants; (iv) advertising or marketing agencies engaged in the creation and dissemination of Defendants' advertisements; (v) third-party add-on providers and financial institutions offering financing to Defendants' consumers; (vi) online review reputation management companies; and (vii) other third parties with knowledge of the acts and practices alleged in the Complaint.

Corporate Defendants' Position: In addition to the potential witnesses identified above by the FTC, at this time, the Corporate Defendants expect that percipient witnesses will include: (i) current and former FTC personnel, staff, and employees, (ii) third-parties that acted or are acting on behalf of the FTC, (iii) current and former personnel, staff, employees, and agents of third-party websites—e.g., Facebook, Google+, Yelp, etc., and (iv) other parties with knowledge of the FTC's acts, practices, and investigations of auto dealers,

including but not limited to not only the FTC's investigation of Defendants, but also others.

Individual Defendants' Position: Individual Defendants agree with the Corporate Defendants' position.

*3. Key Documents*

FTC's Position: At this time, the FTC expects key documents to include:

- Defendants' advertisements, including but not limited to e-mail, internet, newspaper, radio, and television commercials'
- Social media web pages;
- Automobile transaction documents, including consumer "deal jackets";
- Complaints and documents relating to the complaints in the possession, custody, or control of Defendants or third-parties, such as financial institutions or add-on providers;
- Communications with third parties and consumers relating to automobile transactions, including but not limited to e-mails, text messages, and voicemails;
- Sales figures and financial records relating to Defendants' advertising and sales of motor vehicles and add-on products;
- Other documents related to the acts and practices alleged in the Complaint.

Corporate Defendants' Position: In addition to the documents identified above by the FTC, at this time, the Corporate Defendants expect that the key documents will include:

- Consumer complaints and documents relating to the FTC's investigation of and/or claims against Defendants in the possession, custody, or control of the FTC, its personnel, employees, staff, agents, or contractors, including but not limited to correspondence, e-mails,

text messages, any other communications or correspondence in whatever form, voicemails in whatever form, audio recordings in whatever form, and video recordings in whatever form.

- The FTC's communications in whatever form with consumers and/or third parties relating to or concerning its investigation of and/or claims against Defendants.
- The FTC's consumer complaint database, however maintained and referenced but sometimes referred to as "Consumer Sentinel Network" as well as any other such databases that the FTC maintains or to which the FTC has access.
- Other documents related to the FTC's acts and practices related to its investigation of and/or claims against Defendants.
- Other documents related to the FTC's investigations of, actions against, and settlements with auto dealers, including but not limited to the FTC's investigations, actions, and settlements related to "Operation Steer Clear."

Individual Defendants' Position: Individual Defendants agree with the Corporate Defendants' position.

**E. Damages**

FTC's Position: The FTC seeks equitable relief authorized by the FTC Act, including a permanent injunction against Defendants; an award of equitable monetary relief in the form of restitution, refunds of monies paid, and disgorgement of ill-gotten gains from Defendants; the imposition of various monitoring and reporting provisions; and such other equitable relief as the Court may deem appropriate.

The district court has broad authority under the FTC Act to grant any equitable relief "necessary to accomplish complete justice," including restitution and disgorgement. *FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009); *FTC v.*

*H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982). Restitution is equal to the full amount of a consumer's loss and is not limited by defendant's profits. *Stefanchik*, 559 F.3d at 931. Disgorgement is equal to defendant's revenue from the unlawful conduct and is not limited by defendant's profits. *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010).

In this case, the amount of total equitable monetary relief will be based on (i) the amount of revenue resulting from Defendants deceptive advertising and online reviews and (ii) the amount of revenue that Defendants received from their deceptive and unfair add-on and yo-yo practices. Along with restitution, disgorgement is an appropriate basis for monetary relief in FTC matters "since the purpose of such an award is to 'prevent the defendant's unjust enrichment by recapturing the gains the defendant secured in a transaction.'" *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 603 (9th Cir. 2016) (citations omitted). The FTC will base its request for equitable monetary relief on information obtained during discovery.

Corporate Defendants' Position: The FTC failed to state any claim against the Defendants. In addition, the FTC is not entitled to any equitable relief, a permanent injunction, monetary relief, restitution, refunds of monies, disgorgement, the imposition of any monitoring or reporting provisions, or any other relief whatsoever.

Individual Defendants' Position: Individual Defendants agree with the Corporate Defendants' position.

**F. Insurance**

FTC's Position: Not applicable as to the FTC.

Corporate Defendants' Position: The Corporate Defendants do not have any insurance coverage related to the FTC's claims.

Individual Defendants' Position: None of the Individual Defendants have any insurance coverage related to the FTC's claims.

**G. Motions**

FTC's Position: The FTC will make a determination regarding the need to file a motion to add additional parties or amend the pleadings. The FTC also anticipates ultimately filing a motion for summary judgment or one or more motions for partial summary judgment, to allow the Court to effectively dispose of the issues in the case.

Corporate Defendants' Position: The Corporate Defendants filed a motion to dismiss (Doc. 33) on December 5, 2016. If discovery progresses, the Corporate Defendants will assess whether any discovery motions, including motions to compel or motions for protective order, are necessary. The Corporate Defendants also anticipate filing a motion for summary judgment.

Individual Defendants' Position: On January 4, 2016, all Individual Defendants joined in the Corporate Defendants' motion to dismiss (Dkt. Nos. 36-37). Individual Defendants concur with the Corporate Defendants' position concerning potential discovery motions, and anticipate filing a motion for summary judgment.

**H. Manual for Complex Litigation**

FTC's Position: The FTC does not believe that the procedures set forth in the Manual for Complex Litigation should be utilized in this action.

Corporate Defendants' Position: The Corporate Defendants do not believe that the procedures set forth in the Manual for Complex Litigation need to be utilized in this action.

Individual Defendants' Position: The Individual Defendants do not believe that the procedures set forth in the Manual for Complex Litigation need to be utilized in this action.

**I. Discovery Plan**

*1. Initial Disclosures*

FTC's Position: The FTC does not believe any changes in the form or requirement of the disclosures under Rule 26(a)(1)(A) are necessary, and that the parties should serve their initial disclosures by January 6, 2017, which is at or within 14 days of the Rule 26(f) conference, in accordance with Rule 26(a)(1)(C). During the Rule 26(f) conference, Defendants objected to providing timely initial disclosures in accordance with Rule 26. Defendants provide no legitimate reason excusing their failure to comply. Discovery is not stayed based on the filing or pendency of a motion to dismiss, *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal 1995), and "the pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations." *Baker v. Ark. Blue Cross*, 2009 WL 904150 at *2 (N.D. Cal. Mar. 31, 2009) (quoting *Canter & Assocs. v. Teachscape, Inc.*, 2008 WL 191978, at *1 n. 2 (N.D. Cal. Jan. 22, 2008). The FTC will serve its initial disclosures in accordance with the applicable rules, and Defendants provide no legitimate reason not to similarly comply.

Corporate Defendants' Position: The Corporate Defendants do not believe that any changes in the form or required information for initial disclosures under Rule 26(a)(1)(A) are necessary. As noted, however, the Corporate Defendants filed a motion to dismiss the FTC's claims with prejudice (Doc. 33). Accordingly, the parties should serve their initial disclosures on a date set by the Court that is after the Court's ruling on the motion to dismiss and after the FTC's claims are actually at issue. The FTC's inadequate allegations are not sufficient to "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

*2. Subjects on which discovery may be needed*

FTC's Position: The FTC will seek discovery on all matters relevant to the conduct and practices alleged in its Complaint, its claims for relief, and Defendants' defenses, including but not limited to discovery regarding the operations of corporate defendants, the scope of involvement of the individual defendants, the Defendants' financial status, and the amount and extent of consumer injury caused by Defendants' alleged unlawful acts and practices.

The FTC has not fully determined whom it will depose during discovery, but at a minimum, the FTC anticipates deposing the corporate defendants and three individual defendants. In addition, the FTC plans to seek discovery from third parties, pursuant to Fed. R. Civ. P. 45, including companies that performed services for Defendants in connection with Defendants' advertising, online reviews, sales, and financing. Furthermore, the FTC anticipates that it may submit expert testimony.

The FTC conducted a pre-complaint investigation that was designed to determine whether the agency had "reason to believe" the FTC Act was being violated. Defendants attempt to make much about the length of the FTC's investigation but fail to acknowledge their inordinate delays in producing documents and their own efforts to thwart the government's investigation. Defendants' production of material in response to the FTC's Civil Investigative Demand ("CID") was incomplete and raised serious issues about deleted materials and Defendants' preservation efforts. For a multi-million-dollar enterprise, Defendants produced a small amount of material that often covered a limited time period, and failed to supplement their production as required by the CID. And, notwithstanding their CID obligations, Defendants notably withheld the identity of numerous dealerships from the FTC that they established during the course of the investigation, including Sage Covina Chevrolet, Sage Hyundai, and Sage Pre-Owned—three of the named defendants that began engaging in the same unlawful

conduct soon after their creation. Indeed, Defendants flouted their legal obligations and failed to produce documents relating to these entities. The FTC does not intend to seek documents previously produced by Defendants.

Corporate Defendants' Position: The Corporate Defendants note that the FTC already has years of discovery that it gathered via a CID prior to the filing of the Complaint. The CID included ten (10) interrogatories, that included multiple subparts, and nine (9) requests for the production of documents, that also included multiple subparts. In response to the CID, the Corporate Defendants responded to the interrogatories and the FTC's follow-up questions, produced over 27,000 pages of documents, and engaged in an ongoing dialog with the FTC regarding the information that it sought, which included numerous meetings with the FTC. At no time did the FTC seek any judicial intervention regarding its claim, contained herein, that the Corporate Defendants had failed to fully comply with the CID. Further, on November 4, 2016, pursuant to the Court's Stipulated Preliminary Injunction Order (Doc. 19), the Corporate Defendants provided the FTC with a list of over 500 individuals and entities to whom they distributed the Stipulated Preliminary Injunction Order, and those individuals and entities are likely to have discoverable information that the Corporate Defendants may use to support their claims or defenses.

Accordingly, the FTC already has voluminous discovery regarding the operations of corporate defendants, the scope of involvement of the individual defendants, the Defendants' financial status, and the alleged amount and extent of alleged consumer injury caused by Defendants' alleged unlawful acts and practices.

The Corporate Defendants will seek discovery on all matters related to the FTC's claims and requests for relief, including but not limited to alleged consumer complaints, the FTC's investigation of Defendants and other auto dealers, and the

FTC's settlements with other auto dealers related to other investigations (e.g., Operation Steer Clear).

The Corporate Defendants have not determined who they will depose during discovery, but at a minimum, the Corporate Defendants anticipate deposing FTC investigators, personnel, staff, and employees, consumers, third-parties that acted or are acting on behalf of the FTC, current and former personnel, staff, employees, and agents of third-party websites (e.g., Facebook, Google+, Yelp, etc.), and other parties with knowledge of the FTC's acts, practices, and investigations of auto dealers, including but not limited to not only the FTC's investigation of Defendants, but also others. Furthermore, the Corporate Defendants anticipate that they may submit expert testimony.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

*3. Issues about disclosure or discovery of electronically-stored information (ESI)*

FTC's Position: The FTC has taken steps to ensure the preservation of electronically stored information that is relevant to any claim or defense at issue in this case. FTC counsel specifically informed Defendants during the Rule 26(f) conference that the FTC implemented an appropriate litigation hold to preserve data related to this matter, including ESI related to the Consumer Sentinel Network.

The parties shall work cooperatively to limit the scope of production of ESI and to ensure that ESI, including any agreed-upon metadata, will be produced in a format acceptable to both the requester and the producer of such information. Documents created, utilized, or maintained in hard copy format in the ordinary course of business shall be converted to tagged image file format ("TIFF"), or color JPEG images where necessary, with correspondent document-level optical

character recognition ("OCR") text. The parties shall also explore the implementation of further instructions for the submission of ESI.

Corporate Defendants' Position: Based on the publicly-filed declaration of Joseph D. Weber, an FTC Investigator, the Corporate Defendants are concerned—without further assurances by the FTC to both the Court and the Defendants—that the FTC is not properly preserving ESI, including but not limited to ESI related to the FTC's consumer complaint databases—e.g., the "Consumer Sentinel Network." Mr. Weber states: "Sentinel complaints are purged from the database five years after submittal." Doc. 12, Weber Decl. ¶ 75. If the FTC has purged alleged consumer complaints and accompanying ESI related to its investigation of and/or claims against Defendants, then that destruction of ESI is extremely prejudicial to Defendants.

The Corporate Defendants have taken steps to ensure the preservation of electronically stored information that is relevant to any claim or defense at issue in this case, including notifying more than 500 individuals and entities about the Stipulated Preliminary Injunction Order (Doc. 19), which includes preservation obligations. The parties shall work cooperatively to ensure the production of ESI in a format acceptable to both the requester and the producer of such information, including any agreed-upon metadata. Documents created, utilized, or maintained in hard copy format in the ordinary course of business shall be converted to tagged TIFF, or color JPEG images where necessary, with correspondent document-level OCR text. The parties shall also explore the implementation of further procedures for the production of ESI, as necessary, including a predictive coding protocol.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

*4. Issues about claims of privilege and protection of material*

FTC's Position: The parties will discuss the terms of a protective order, and any related stipulations, and submit a proposed order for the Court's approval. If

the parties cannot reach agreement on the terms or scope of the order, the parties may seek to raise the issues with the Court, consistent with applicable rules.

Corporate Defendants' Position: The Corporate Defendants maintain and have not waived any privileges and legal protections. The Corporate Defendants are willing to discuss with the other parties the terms of a protective order for confidential, non-privileged information and materials.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

*5. Whether discovery should be conducted in phases*

FTC's Position: Fact discovery should take place before expert discovery.

Corporate Defendants' Position: The Corporate Defendants agree that fact discovery should take place before expert discovery.

Individual Defendants' Position: The Individual Defendants agree with the FTC and Corporate Defendants' position.

*6. Proposed changes to discovery limitations*

FTC's Position: The FTC proposes the following:

*a. Written Interrogatories:*

No changes from Fed. R. Civ. P. 33.

*b. Number of Depositions:*

The limitation of 10 depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) should be increased to 25 depositions and depositions of experts and any rebuttal experts should not count against the limit of 25 depositions. This enlargement is necessary because Defendants include three individual defendants, nine dealerships, and various employees and third-party agents with differing responsibilities, including general sales managers, finance and insurance managers, sales managers, and sales representatives.

*c. Duration of Depositions:*

No changes from Fed. R. Civ. P. 30(d)(1).

*d. Request for Production of Documents:*

No changes from Fed. R. Civ. P. 34.

*e. Requests for Admission:*

No changes from Fed. R. Civ. P. 36.

*f. Additional Orders:*

No additional orders are required at this time.

Corporate Defendants' Position:

*a. Written Interrogatories:*

Pursuant to Fed. R. Civ. P. 33, each of the Corporate Defendants are permitted to serve 25 written interrogatories on the FTC and each of the other parties. No changes from Fed. R. Civ. P. 33 are necessary.

*b. Number of Depositions:*

At this time, the FTC has not identified the number of consumer complaints or consumers at issue in this action. Additionally, the FTC has not identified the number of individuals who are percipient witnesses. The total number of percipient witnesses could be very large. Accordingly, the limitation of 10 depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) should be increased. At this time, the Corporate Defendants do not have sufficient information to determine the number of depositions that they will need to take, but the Corporate Defendants expect that the number will be *greater* than the 25 depositions proposed by the FTC. Once the parties have additional information about the number of percipient witnesses, the parties should meet and confer about the number of depositions that will be taken. Additionally, depositions of experts and any rebuttal experts should not count against the total number of depositions.

*c. Duration of Depositions:*

Currently, there should not be any changes from Fed. R. Civ. P. 30(d)(1), but the parties should meet and confer further once they know the identities of the witnesses who will be deposed.

*d. Request for Production of Documents:*

No changes from Fed. R. Civ. P. 34.

*e. Requests for Admission:*

No changes from Fed. R. Civ. P. 36.

*f. Additional Orders:*

No additional orders are required at this time, but the Corporate Defendants note that an ESI protocol and a protective order may be necessary at a later date.

Individual Defendants' Position:

*a. Written Interrogatories:*

The Individual Defendants contend that pursuant to Fed. R. Civ. P. 33, each of the Individual Defendants are permitted to serve 25 written interrogatories on the FTC and each of the other parties. No changes from Fed. R. Civ. P. 33 are necessary.

*b. Number of Depositions:*

The Individual Defendants agree with the Corporate Defendants' position, and expect that more than the 25 depositions proposed by the FTC will be required.

*c. Duration of Depositions:*

The Individual Defendants agree with the Corporate Defendants' position.

*d. Request for Production of Documents:*

The Individual Defendants contend that no changes from Fed. R. Civ. P. 34 are necessary.

*e. Requests for Admission:*

The Individual Defendants contend that no changes from Fed. R. Civ. P. 36 are necessary.

*f. Additional Orders:*

The Individual Defendants agree with the Corporate Defendants' position.

**J. Discovery Cut-Off**

FTC's Position: The FTC proposes that discovery consist of two phases:

- Fact discovery should be completed by October 27, 2017, and
- Expert discovery should be completed by February 16, 2018.

Corporate Defendants' Position: The Corporate Defendants propose that discovery consist of two phases. Given the pending motion to dismiss (Doc. 33), and since the FTC's claims still are not at issue, the Corporate Defendants propose the following discovery deadlines:

- Fact discovery should be completed by December 29, 2017, and
- Expert discovery should be completed by April 20, 2018.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

**K. Expert Discovery**

FTC's Position: The FTC proposes that the disclosure of Plaintiff's and Defendants' experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and Fed. R. Civ. P. 26(a)(2)(B) Expert Written Reports should be produced by November 27, 2017, and that the last day to produce any rebuttal Expert Written Reports should be January 12, 2018.

Corporate Defendants' Position: The Corporate Defendants propose that the disclosure of Plaintiff's and Defendants' experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and Fed. R. Civ. P. 26(a)(2)(B) Expert Written Reports should be produced by January 27, 2018, and that the last day to produce any rebuttal Expert Written Reports should be March 16, 2018.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

**L. Dispositive Motions**

FTC's Position: The FTC anticipates moving for summary judgment at the close of discovery. The FTC believes summary judgment can be appropriate to resolve all of the claims alleged in its Complaint.

Corporate Defendants' Position: The Corporate Defendants expect to move for summary judgment at the close of discovery. The Corporate Defendants believe that summary judgment will resolve all of the claims in their favor and result in a judgment that the FTC take nothing and not be awarded any relief on its claims.

Michael and Joseph's Position: Defendants Joseph Schrage and Michael Schrage expect to move for summary judgment at the close of discovery, and believe that summary judgment will resolve all of the claims in their favor and result in a judgment that the FTC take nothing and not be awarded any relief on its claims.

Leonard's Position: Defendant Leonard Schrage expects to move for summary judgment early in this case, and believes that that summary judgment will resolve all of the claims in his favor and result in a judgment that the FTC takes nothing and not be awarded any relief on its claims.

**M. Settlement/Alternative Dispute Resolution**

FTC's Position: The FTC conducted a non-public, pre-complaint investigation, and FTC personnel engaged in settlement discussions with Defendants' counsel, Arent Fox LLP, prior to the filing of this case. However, the parties have been unable to reach agreement.

The FTC remains amenable to settlement discussions and has agreed to conduct mediation pursuant to L.R. 16-15.4 and ADR Procedure No. 3 (private dispute resolution proceeding). Mediation in this case should be completed no later than 45 days prior to the final pretrial conference, consistent with Local Rule 16-12.5.

Corporate Defendants' Position: The Corporate Defendants are amenable to settlement discussions and prefer to conduct settlement discussions pursuant to C.D. Cal. L.R. 16-15.4, ADR Procedure No. 3 (private mediation). The parties

have scheduled private mediation with Judge Gary A. Feess (Ret.) on January 11 and 12, 2017.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

**N. Trial Estimate**

FTC's Position: The FTC anticipates that trial will require approximately eight to ten days total.

Corporate Defendants' Position: The Corporate Defendants anticipate that trial will require approximately four to five days.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

**O. Trial Counsel**

Attorneys for the Federal Trade Commission:

- Thomas J. Widor; admitted pro hac vice
- Daniel Dwyer; Cal. Bar No. 286701
- Thomas J. Syta; Cal. Bar No. 1163286

Attorneys for the Corporate Defendants:

- Aaron H. Jacoby, Cal. Bar No. 137244
- Mary Carter Andrues, Cal. Bar No. 138486
- Victor P. Danhi, Cal. Bar No. 210246
- Jeffrey R. Makin, Cal. Bar No. 252426

Attorneys for the Defendants Joseph Schrage and Michael Schrage:

- Brian J. McCormack, Cal. Bar No. 167547
- David T. Bartels, Cal. Bar No. 209449

Attorneys for the Defendant Leonard Schrage:

- Steven M. Goldberg , Cal. Bar No. 082174
- Kishan H. Barot, Cal. Bar No. 281829

**P. Independent Expert or Master**

FTC's Position: A master or independent scientific expert is not necessary in this case.

Corporate Defendants' Position: The Corporate Defendants reserve their rights with regard to the appointment of an independent expert or master. Depending on the scope of discovery that the FTC seeks despite its nearly three-year-long investigation, it may be necessary for the Court to appoint an independent discovery referee to oversee and resolve discovery issues.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' position.

**Q. Timetable**

FTC's Position: A proposed schedule of pre-trial and trial dates is attached hereto as Exhibit A.

Corporate Defendants' Position: Exhibit A, which is attached hereto, includes the Corporate Defendants' proposed schedule of pre-trial dates.

Individual Defendants' Position: The Individual Defendants agree with the Corporate Defendants' schedule set forth in Exhibit A.

**R. Other Issues**

FTC's Position: None at this time.

Corporate Defendants' Position: None at this time.

Individual Defendants' Position: None at this time.

Date: January 6, 2017

Respectfully submitted,

/s/ Thomas J. Widor
Thomas J. Widor
Daniel Dwyer
Thomas J. Syta

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

/s/ Mary Carter Andrues
ARENT FOX LLP
Aaron H. Jacoby
Mary Carter Andrues
Victor P. Danhi
Jeffrey R. Makin

Attorneys for Defendants
Covina MJL, LLC, also d/b/a Sage Covina Chevrolet; Glendale Nissan/Infiniti, Inc., also d/b/a Glendale Infiniti and d/b/a Glendale Nissan; Sage Downtown, Inc., also d/b/a Kia Of Downtown Los Angeles; Sage Holding Company, Inc.; Sage Management Co., Inc.; Sage North Hollywood, LLC, also d/b/a Sage Pre-Owned; Sage Vermont, LLC, also d/b/a Sage Hyundai; Universal City Nissan, Inc., also d/b/a Universal Nissan; Valencia Holding Co., LLC, also d/b/a Mercedes-Benz Of Valencia; West Covina Auto Group, LLC, also d/b/a West Covina Toyota and d/b/a West Covina Toyota/Scion; and West Covina Nissan, Inc.

/s/ David T. Bartels
David T. Bartels

Attorney for Defendants Joseph Schrage, a/k/a Joseph Sage, and Michael Schrage, a/k/a Michael Sage

/s/ Kishan H. Barot
Steven M. Goldberg
Kishan H. Barot

Attorneys for Defendant Leonard Schrage, a/k/a Leonard Sage

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Daniel Dwyer, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Daniel Dwyer
Daniel Dwyer

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2017, a copy of **JOINT RULE 26(f) REPORT** was served on counsel for Defendants via the Court's electronic case filing ("ECF") system

/s/ Daniel Dwyer
DANIEL DWYER
*Attorney for Plaintiff*
*Federal Trade Commission*

# EXHIBIT A: TIMETABLE

| Event | FTC's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Last Day to Add Claims or Parties | 7/3/2017 | 7/3/2017 |
| Non-Expert Discovery Cut-Off | 10/27/2017 | 12/29/2017 |
| Initial Expert Disclosure | 11/27/2017 | 1/27/2018 |
| Rebuttal Expert Disclosures | 1/12/2018 | 3/16/2018 |
| Expert Discovery Cut-Off | 2/16/2018 | 4/20/2018 |
| Last Day to Hear Motions | 5/14/2018 | 7/27/2018 |
| Mediation Cut-Off | 6/27/2018 | 9/7/2018 |
| Pre-Trial Conference | 8/27/2018 | 10/22/2018 |
| Trial | 9/10/2018 | 11/5/2018 |