DAVID C. SHONKA
Acting General Counsel
THOMAS J. WIDOR (DC 490184)
DANIEL DWYER (CA 286701)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW,
Mail Drop CC-10232
Washington, DC 20580
Telephone:  (202) 326-3039
Facsimile:  (202) 326-3768
Email: twidor@ftc.gov,
ddwyer@ftc.gov

THOMAS J. SYTA (CA 116286)
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, California 90024
Telephone:  (310) 824-4324
Facsimile:  (310) 824-4380
Email: tsyta@ftc.gov

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

AARON H. JACOBY (CA 137244)
MARY CARTER ANDRUES (CA 138486)
VICTOR P. DANHI (CA 210246)
JEFFREY R. MAKIN (CA 252426)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:   (213) 629-7400
Facsimile:   (213) 629-7401
Email: aaron.jacoby@arentfox.com,
mary.andrues@arentfox.com,
victor.danhi@arentfox.com,
jeffrey.makin@arentfox.com

*Attorneys for Corporate Defendants*

DAVID T. BARTELS (CA 209449)
CALLAHAN & BLAINE, APLC
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone:  (714) 241-4444
Facsimile:  (714) 241-4445
Email: dbartels@callahan-law.com

*Attorney for Individual Defendants JOSEPH SCHRAGE AND MICHAEL SCHRAGE*

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                            Plaintiff,<br><br>                v.<br><br>UNIVERSAL CITY NISSAN, INC., et al.<br><br><br><br>                            Defendants. | Case no 2:16-cv-07329-CAS(AJWx)<br>Judge: *Hon. Christina A. Snyder*<br>Magistrate: *Hon. Andrew J. Wistrich*<br><br>**[PROPOSED] STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO SETTLING DEFENDANTS** |

1

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Consumer Leasing Act ("CLA"), 15 U.S.C. §§ 1667-1667f.  The Commission and Settling Defendants stipulate to the entry of this Stipulated Order For Permanent Injunction And Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive, unfair, and unlawful acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §45(a); TILA and its implementing Regulation Z, 12 C.F.R. § 226; and CLA and its implementing Regulation M, 12 C.F.R. § 213 in the advertising, sales, leasing, and financing of new and used motor vehicles.

3.      Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. §2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### ORDER DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Add-on product or service**" means any product or service relating to the sale, lease, or financing of a motor vehicle that is offered, provided, or arranged by the dealer that is not provided or installed by the motor vehicle manufacturer, including but not limited to extended warranties, payment programs, guaranteed automobile protection ("GAP") or "GAP insurance," etching, service contracts, theft protection or security devices, global positioning systems or starter interrupt devices, undercoating, rustproofing, fabric protection, road service or club memberships, appearance products, credit life insurance, credit accident or disability insurance, credit loss-of-income insurance, and debt cancellation and debt suspension coverage.  The term excludes any such product or service that the dealer provides to the consumer at no charge.

B.      "**Advertisement**" means a commercial message in any medium that directly or indirectly promotes a consumer transaction.

C.      "**Clearly and conspicuously**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be made visually or audibly, except that for purposes of Section II.C, any such disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any

3

accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

D.   "**Consumer credit**" means credit offered or extended to a consumer primarily for personal, family, or household purposes, as set forth in Section 226.2(a)(12) of Regulation Z, 12 C.F.R. § 226.2(a)(12), as amended.

E.   "**Consumer lease**" means a contract in the form of a bailment or lease for the use of personal property by a natural person primarily for personal, family, or household purposes, for a period exceeding four months and for a total contractual obligation not exceeding the applicable threshold amount, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease, as set forth in Section 213.2 of Regulation M, 12 C.F.R. § 213.2, as amended.

F.   "**Defendants**" means all of the Individual and Corporate Defendants, individually, collectively, or in any combination.

4

G.     "**Corporate Defendants**" or "**Settling Corporate Defendants**"
means Covina MJL, LLC, also D/B/A Sage Covina Chevrolet; Glendale
Nissan/Infiniti, Inc., also D/B/A Glendale Infiniti and D/B/A Glendale Nissan;
Sage Downtown, Inc., also D/B/A Kia Of Downtown Los Angeles; Universal City
Nissan, Inc., also D/B/A Universal Nissan; Valencia Holding Co., LLC,  also
D/B/A Mercedes-Benz Of Valencia;  West Covina Auto Group, LLC, also D/B/A
West Covina Toyota and d/b/a West Covina Toyota/Scion; West Covina Nissan,
Inc.; Sage North Hollywood, LLC, also D/B/A Sage Pre-Owned; Sage Vermont,
LLC, also D/B/A Sage Hyundai; Sage Holding Company, Inc.; Sage Management
Co., Inc.; and their successors and assigns.

H.     "**Individual Defendants**" means Joseph Schrage, a/k/a Joseph Sage,
and Michael Schrage, a/k/a Michael Sage.

I.     "**Express, Informed Consent**" means an affirmative act
communicating acceptance of the charges for any product or service in response to
Settling Defendant's request that the consumer indicate assent to purchase the
product or service.  As part of the request, Settling Defendant must clearly and
conspicuously disclose orally and in writing:

1. a description of the product or service;
2. all fees and costs to be charged to the consumer for the product or
   service;
3. the monthly payment amount in financing or the monthly lease
   payment with and without the product or service;
4. whether the product or service is optional, and, if the product or
   service is required, the reason it is required.

Settling Defendant also must clearly and conspicuously disclose in writing all
material restrictions, limitations, or conditions applicable to the purchase, receipt,
or use of the product or service, provided that Settling Defendant may meet the

requirement in this sentence by clearly and conspicuously providing any material prepared by and available from a third party containing this information.

J.   "**Lease inception**" shall mean prior to or at consummation of the lease or by delivery, if delivery occurs after consummation.

K.   "**Motor Vehicle**" shall mean as follows:

1. Any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road;

2. Recreational boats and marine equipment;

3. Motorcycles;

4. Motor homes, recreational vehicle trailers, and slide-in campers; and

5. Other vehicles that are titled and sold through dealers.

L.   **"Settling Individual Defendants"** shall mean Michael Schrage and Joseph Schrage and any other names by which they may be known.

M.   **"Settling Defendants"** means Settling Corporate Defendants and Settling Individual Defendants individually, collectively, or in any combination, and each of them by whatever names each might be known.

**ORDER**

**I. PROHIBITED MISREPRESENTATIONS RELATING TO THE SALE, FINANCING, OR LEASING OF VEHICLES**

**IT IS ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, offering for sale or lease, sale or lease, or servicing of motor vehicles, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.   The cost of:

1. Purchasing a vehicle with financing, including but not limited to:

6

the amount or percentage of the down payment, the number of payments or period of repayment, the amount of any payment, and the repayment obligations over the full term of the loan, including any balloon payment; or

2. Leasing a vehicle, including but not limited to: the total amount due at lease inception, the down payment, amount down, acquisition fee, capitalized cost reduction, any other amount required to be paid at lease inception, and the amounts of all monthly or other periodic payments;

B.   The existence or amount of any discount, rebate, bonus, incentive, or price;

C.   The number of vehicles available at particular prices;

D.   That Settling Defendants will pay all or any portion of any loan or lease balance remaining on a trade-in vehicle, or whether the consumer will be responsible for paying all or any portion of any remaining loan or lease balance;

E.   That a consumer is required to purchase any add-on product or service;

F.   The cost to purchase, receive, or use the add-on product or service;

G.   Any restriction, limitation, or condition applicable to the purchase, receipt, or use of the add-on product or service;

H.   Any aspect of the benefits, performance, nature, characteristics, or efficacy of any add-on product or service;

I.   That any add-on product or service has the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

J.   Any aspect of a consumer's credit application, or any finance, purchase, or sale agreement;

K.   Whether the sale or lease of a motor vehicle is final or complete;

7

L.      The nature or terms of a Settling Defendant's right to cancel, nullify, unwind, or void a motor vehicle transaction, including, but not limited, to (i) the manner and timing of any cancellation, nullification, unwinding, or voiding of the motor vehicle transaction or (ii) any conditions, limitations, or obligations relating to any consideration provided by the consumer, including any down payment or trade-in vehicle;

M.      Any aspect of the consumer's legal rights or obligations, including the consumer's obligations to (i) enter into, negotiate or renegotiate, or sign any finance, purchase, or sale agreement or any other transactional document, or (ii) return a motor vehicle;

N.      Any action that Settling Defendant can or intends to take, including, but not limited to initiating legal process against a consumer, referring a consumer for arrest or criminal prosecution, reporting a motor vehicle as stolen, repossessing the motor vehicle, or referring a consumer to debt collection;

O.      Any aspect of any opinions, beliefs, findings or experiences of any person, including, but not limited to, that any such opinions, beliefs, findings or experiences are independent or objective.

P.      Any other material fact.

## II.    <u>REQUIRED DISCLOSURES</u>

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, offering for sale or lease, sale or lease, or servicing of motor vehicles are permanently restrained and enjoined from making any representation, expressly or by implication, about:

A.      A discount, rebate, bonus, incentive or price unless the representation

is not otherwise misleading and the representation clearly and conspicuously discloses any material qualifications or restrictions, including but not limited to qualifications or restrictions on: (i) a consumer's ability to obtain the discount, rebate, bonus, incentive, or price and (ii) the vehicles available at the discount, rebate, bonus incentive, or price;

B.      A refund, cancellation, exchange, or repurchase policy unless the representation is not otherwise misleading and the representation clearly and conspicuously discloses any material qualifications or restrictions on the consumer's ability to request or obtain a refund, cancellation, exchange, or repurchase and the manner and timing of a refund, cancellation, exchange, or repurchase; or

C.      An opinion, belief, finding, or experience of any person unless the opinion, belief, finding, or experience is not misleading and the representation clearly and conspicuously discloses any material connection between such person and Settling Defendants.  For purposes of this provision, material connection shall mean any relationship that materially affects the weight and credibility of any endorsement and that would not be reasonably expected by consumers.

## III.   INJUNCTION CONCERNING THE SALE OF ADD-ON PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any add-on product or service, are permanently restrained and enjoined from charging a consumer for any add-on product or service without having obtained the consumer's Express, Informed Consent to the charge.

## IV.   INJUNCTION CONCERNING YO-YO PRACTICES

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any motor vehicle transaction, are permanently restrained and enjoined from:

A.      Failing to return to the consumer immediately any consideration, including, but not limited to, any down payment or trade-in, when the consumer has tendered a motor vehicle for return in connection with any representation, expressly or by implication, directly or indirectly, that Settling Defendants want the motor vehicle back or that Settling Defendants have cancelled, nullified, unwound, or voided the transaction, *provided that* Settling Defendants may deduct any charge permitted by subsection IV.C;

B.      Selling, transferring title to, or otherwise disposing of a trade-in vehicle before financing for the motor vehicle has been assigned or otherwise finalized;

C.      Charging or threatening to charge the consumer any amount, including any costs or fees incidental to canceling, unwinding, or voiding a motor vehicle transaction, unless such amount is expressly authorized by agreement or permitted by law;

D.      Threatening the consumer with, commencing, or causing others to commence any action, including legal process, criminal arrest, repossession, or debt collection, unless such action is lawful and Settling Defendant intends to take such action.

## V. TRUTH IN LENDING ACT

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether

acting directly or indirectly, in connection with any advertisement for any extension of consumer credit, are permanently restrained and enjoined from:

    A.       Stating, expressly or by implication:

           1.       The amount or percentage of any down payment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge, without disclosing clearly and conspicuously all of the following terms:

                    a.       The amount or percentage of the down payment;

                    b.       The terms of repayment; and

                    c.       The annual percentage rate, using the term "annual percentage rate" or the abbreviation "APR." If the annual percentage rate may be increased after consummation of the credit transaction, that fact must also be disclosed; or

           2.       A rate of finance charge without stating the rate as an "annual percentage rate" or the abbreviation "APR," using that term; or

    B.       Failing to comply in any respect with Regulation Z, 12 C.F.R. Part 226, as amended, and the Truth in Lending Act, as amended, 15 U.S.C. §§ 1601-1667.

# VI.  **CONSUMER LEASING ACT**

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for any consumer lease, are permanently restrained and enjoined from:

    A.       Stating, expressly or by implication, the amount of any payment or that any or no initial payment is required at lease inception without disclosing clearly and conspicuously the following terms:

1.      That the transaction advertised is a lease;

2.      The total amount due at lease signing or delivery;

3.      Whether or not a security deposit is required;

4.      The number, amounts, and timing of scheduled payments; and

5.      That an extra charge may be imposed at the end of the lease term in a lease in which the liability of the consumer at the end of the lease term is based on the anticipated residual value of the vehicle; or

B.      Failing to comply in any respect with Regulation M, 12 C.F.R. Part 213, as amended, and the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667f, as amended.

## VII.  <u>MONETARY JUDGMENT</u>

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Three Million Six Hundred Twenty-Five Thousand Dollars ($3,625,000) is entered in favor of the Commission against the Settling Defendants, jointly and severally, as equitable monetary relief.

B.      Settling Defendants are ordered to pay to the Commission Three Million Six Hundred Twenty-Five Thousand Dollars ($3,625,000).  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission.

C.      Payment may be made in equal or pro rata shares by Settling Defendants.

D.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

E.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary

judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

F.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

G.     Settling Defendants acknowledge that their Taxpayer Identification Number (Social Security Number or Employer Identification Number), which Settling Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

H.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.  <u>CUSTOMER INFORMATION</u>

**IT IS FURTHER ORDERED** that Settling Defendants are permanently restrained and enjoined from directly or indirectly, failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Settling Defendants represent that they have provided this redress

information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## IX.  <u>ORDER ACKNOWLEDGMENTS</u>

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order:

A.    Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Settling Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.  <u>COMPLIANCE REPORTING</u>

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury.

1.   Each Settling Defendant must:

    a.   Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant;

    b.   Identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    c.   Describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

    d.   Describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

    e.   Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.   Additionally, each Settling Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.   For 20 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Settling Defendant must report any change in:

    a.  Any designated point of contact; or

    b.  The structure of any Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, each Settling Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Universal City Nissan, Inc*., X1423008.

## XI. <u>RECORDKEEPING</u>

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, in connection with the advertising, marketing, offering for sale or lease, or sale or lease of motor vehicles or add-on products or services, Settling Defendants must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response(s). For purposes of this provision, consumer complaint(s) shall mean any written, oral, or electronic allegation, charge, claim, demand, dispute, or lawsuit concerning the subject matter of the Order;

D.     Copies of (i) all credit applications, transmittals sent to or received from any prospective or actual assignee relating to approval or denial, offers or counteroffers of financing, or requests for additional information, whether or not the transaction was finalized; (ii) every retail installment sales contract or sales or lease transaction document whether final or not; and (iii) records memorializing any correspondence or communication between the consumer and Settling Defendant concerning any changes to the contract, with a detailed description of the date(s) of correspondence, the changes to the terms and conditions, and the consumer's acceptance or rejection of such changes;

17

E.     A copy of each unique advertisement or other marketing material; and

F.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual

Settling Defendants pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED THIS 22nd day of March, 2017.**

*The Honorable Christina A. Snyder*
UNITED STATES DISTRICT JUDGE